UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFERY SCOTT B.,

                      Plaintiff,

v.                                                                   7:16-CV-866
                                                                      (TWD)

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                      Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON       STEVEN R. DOLSON, ESQ.
 *Attorney for Plaintiff*
126 North Salina Street, Suite 3B
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.              JOSHUA L. KERSHNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
REGION II
 *Attorney for Defendant*
26 Federal Plaza - Room 3904
New York, New York 10278

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

     Currently before the Court is Plaintiff's counsel's ("Mr. Dolson") motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. No. 22.)

**I.     BACKGROUND**

     Mr. Dolson represented Plaintiff in a civil action before this Court, seeking judicial review of Defendant's denial of Plaintiff's application for disability benefits under the Social Security Act. On December 14, 2016, Mr. Dolson filed a brief in support of remand arguing the

Administrative Law Judge ("ALJ") failed to address Plaintiff's credibility and incorrectly applied the treating physician rule. (Dkt. No. 7.) In lieu of responding, the parties stipulated to remand this matter to Defendant for further administrative action pursuant to sentence four of § 405(g). (Dkt. Nos. 15, 16, 17.) Mr. Dolson continued to represent Plaintiff post-remand. Upon remand, the ALJ issued a fully favorably decision dated June 28, 2018, granting Plaintiff disability insurance benefits. (Dkt. No. 22-1 at ¶ 14.)

Thereafter, Defendant issued a Notice of Change in Benefits indicating Plaintiff was entitled to $93,510.00 in past-due benefits for his claim. *Id*. at ¶ 15. Defendant withheld 25% of the past-due benefits. *Id*. On October 3, 2018, the ALJ authorized Mr. Dolson to collect $6,060.00 from Plaintiff for work done at the agency level. *Id*. at ¶ 17. In a Stipulation and Order dated June 30, 2017, Plaintiff was also awarded $2,700.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 21.)

Mr. Dolson now seeks the remainder of withheld attorney's fees, or $17,317.50 to be paid to him pursuant to a contingency fee agreement he had with Plaintiff. Defendant responded, arguing the requested fee amounted to a "windfall" in Mr. Dolson's favor and asked the Court to exercise its discretion to adjust the total award. (Dkt. No. 24.)

## II. DISCUSSION

Under 42 U.S.C. § 406, a prevailing claimant's fees are payable out of the benefits the claimant recovers, and such fees may not exceed 25 percent of past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). "[Section] 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id*. at 794 (citing 20 CFR § 404.1728(a)). For representation of a claimant at the administrative level, an attorney may file a fee petition. *See Gisbrecht*, 535 U.S. at 794 (citing 42 U.S.C. § 406(a)). In response

2

to such a petition, "the agency may allow fees 'for services performed in connection with any claim before' it; [however,] if a determination favorable to the benefits claimant has been made, . . . the Commissioner of Social Security 'shall . . . fix . . . a reasonable fee' for an attorney's services." *See Gisbrecht*, 535 U.S. at 794 (quoting 42 U.S.C. § 406(a)(1)).

With respect to proceedings before a court, the statute provides "for fees on rendition of 'a judgment favorable to a claimant.'" *See Gisbrecht*, 535 U.S. at 794 (quoting 42 U.S.C. § 406(b)(1)(A)). As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id*.

In addition, the EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796 (citation omitted). Pursuant to the EAJA, a court may award a successful claimant "fees payable by the United States if [its] position in the litigation was not 'substantially justified.'" *Id*. (citation omitted). "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." *Id*. (citation and footnote omitted).

A court may award fees under both the EAJA and Section 406(b), but the claimant's counsel must "'refun[d] to the claimant the amount of the smaller fee.'" *Id*. (citation omitted). "'Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.'" *Id*. (quotation omitted).

In *Gisbrecht*, the Supreme Court held "§ 406(b) does not displace continent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. (footnote omitted).

The *Gisbrecht* Court noted "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved." *Id*. at 808 (citations omitted). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id*. (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (reviewing court should disallow "windfalls for lawyers")). "In this regard, the court may require the claimant's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez*, 865 F.2d at 741).

Likewise, in *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990), the Second Circuit held "§ 406(b) does not invalidate all contingent fee arrangements it merely sets their upper limit and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id*. at 370. The court noted that, "because § 406(b) requires the district court to review the reasonableness of any requested fee, contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases." *Id*.

4

(citations omitted). However, the court recognized "that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id*. (citing *Rodriguez*, 865 F.2d at 746 (other citations omitted). Furthermore, the court stated it "ought normally to give the same deference to these agreements as [it] would to any contract embodying the intent of the parties." *Wells*, 907 F.2d. at 370 (citations omitted).

Thus, in determining the reasonableness of a contingent fee agreement, courts should consider "whether the contingency percentage is within the 25% cap; . . . whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id*. (citations omitted). "Should the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id*. (citation omitted).

Finally, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec*., No. 03 CV 3154, 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007) (citation omitted).

In this case, to determine whether the fee award Mr. Dolson seeks under § 406(b) is reasonable, the Court will begin by looking at the contingency-fee agreement between Plaintiff and his counsel. This agreement provides, in pertinent part, that "the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim[.]." (Dkt. No. 22-3 at 34.) There is no evidence this agreement was the result of fraud or overreaching. Moreover, the agreement seeks no more than the maximum allowed under the relevant statute: 25% of the retroactive benefits.

Thus, the only issue the Court need address is whether the amount of fees Mr. Dolson seeks would result in a windfall to him.

As noted above, Mr. Dolson's record of the time he expended in federal court and the tasks he performed related to the federal court litigation is one factor the Court may consider in determining reasonableness. Mr. Dolson's records indicate he spent a total of 14.4 hours of work related to this case. (Dkt. No. 22-1 at ¶ 20.) Here, Mr. Dolson seeks an award of $17,315.50 in fees, which is based on twenty-five percent of Plaintiff's past-due benefits the Social Security Administration has withheld pending the Court's decision on this motion minus the fees the agency has awarded to Mr. Dolson for his work at the administrative level. If the Court divides the total fee sought, $17,315.50, by the 14.4 hours he expended for work before this Court, the effective hourly rate would be $1,202.47.

To determine whether fees in this amount would result in a windfall to Mr. Dolson, the Court must consider the following factors:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, . . . (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Fura v. Astrue*, No. 08–CV–0689, 2011 WL 1541307, *3 (N.D.N.Y. Apr. 21, 2011) (quoting *Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688 (N.D.N.Y. July 10, 2009)) (other citation omitted).

A review of the record demonstrates Mr. Dolson's efforts were particularly successful for Plaintiff and it appears he was able to handle this case efficiently, at least in part, because of his experience with Social Security cases. However, the bulk of the work he expended before this

Court was minimal and, primarily, routine in nature. To that end, many of the 14.4 hours he expended on work before this Court involved reviewing decisions or other documents, telephone conferences, and correspondence; and, in addition, 1.9 of those hours involved Plaintiff's motion for fees under the EAJA. Therefore, based on the record in this case, the Court finds an award of fees in the amount requested would be a windfall.

Nonetheless, the Court concludes that, in light of the total amount of time Mr. Dolson expended on this case at both the administrative and district court level, his expertise in handling social security cases, the complexity of the issues in this case, the success he achieved in this case, and the inherent uncertainty of non-payment that is always involved when entering into a contingency fee agreement, as well as the lack of any evidence of fraud or overreaching in this case, an award of fees in the amount of $12,960.00 pursuant to § 406(b) would be reasonable for the type and amount of work he expended before this Court.[1]

## III. CONCLUSION

After reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Mr. Dolson's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $12,960.00; and the Court further

**ORDERS** that the amount of $12,960.00 in attorney's fees pursuant to 42 U.S.C. § 406(b) shall be paid to Mr. Dolson out of the sums that Defendant has withheld from Plaintiff's past-due benefits; and the Court further

---

[1] This amount accounts for an effective rate of $900.00 an hour—or, three-times the reported "reasonable value" of Mr. Dolson's work. (Dkt. No. 22-1 at ¶ 23.)

**ORDERS** that, upon his receipt of attorney's fees in the amount of $12,960.00, pursuant to 42 U.S.C. § 406(b), Mr. Dolson shall immediately refund to Plaintiff the previously awarded EAJA sum of $2,700.00.

This case remains closed.

Dated: December 3, 2019
Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge